## NICHOLS *v.* JOHNSON.

ATKINSON, J. The Southern Loan and Trust Company, a corporation, issued certain certificates, each of which was designated a "Loan Investment Contract." Each certificate recited that, in consideration of the initial payment of a designated sum and monthly installments thereafter, the company issued "this contract" to the purchaser (naming him) or to his legal heirs or assigns. Certain rights and valuable privileges to the holder were specified. Nichols, having purchased from the corporation a number of these certificates, sold them to Johnson, representing that the corporation issuing the certificates was solvent and the contracts were then ready to participate in a loan; that nothing more was to be paid on the contracts to entitle the holder to participate in a loan; that the contracts had a market value of the sum paid, and that if these representations were untrue he would reimburse him for the money paid. Subsequently Johnson instituted suit against Nichols upon a breach of the contract to reimburse. *Held:*

1. In a suit of this character it is unnecessary to determine whether the company issuing the certificates was engaged in a lottery enterprise. If so, the parties to the contract of sale are not in pari delicto with the corporation which issued the certificates. *Roney* v. *Crawford,* 135 *Ga.* 1 (68 S. E. 701).

2. The contract of sale was not void on account of vagueness.

3. Certain excerpts from the charge, on which error was assigned, were authorized by the pleadings and evidence.

4. The evidence was sufficient to support the verdict.

          *Judgment affirmed. All the Justices concur.*
          DECEMBER 10, 1913.

Action for breach of contract. Before Judge Pendleton. Fulton superior court. December 14, 1912.

*Tindall & Silverman,* for plaintiff in error.

*Felder, Anderson, Dillon & Whitman,* contra.